**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
CHARLES ARGENTI, individually and on behalf
of all others similarly situated,                                        Case No.

                              Plaintiff,

                                                                    **COMPLAINT**
        -against-


ARNOFF MOVING & STORAGE, INC., and            **Jury Trial Demanded**
MICHAEL ARNOFF,

                              Defendants.
-------------------------------------------------------------X

Plaintiff Charles Argenti ("Argenti" or "Plaintiff"), individually and on behalf of all others similarly situated, alleges against Defendants Arnoff Moving & Storage, Inc. ("Arnoff", the "Company") and Michael Arnoff ("Michael") (collectively "Defendants"), upon information and belief, as follows:

## NATURE OF THE CLAIMS

1.      Argenti alleges pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. §§ 201 et. seq. ("FLSA") that he is entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages, and (3) attorneys' fees and costs.

2.      Argenti further alleges that, pursuant to the New York Labor Law ("NYLL") that he is entitled to recover from Defendants: (1) unpaid overtime, (2) civil damages for statutory wage notice violations, (3) liquidated damages, and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because Defendants' principal place of business is located in this district.

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## FLSA COLLECTIVE ACTION ALLEGATIONS

6.      Plaintiff brings a claim for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees employed by Defendant on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

7.      At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices and procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek.

8.      The claims of the Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

9.      The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b).

10.     The FLSA Collective Plaintiffs are readily ascertainable.

11.     For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail for the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

12.     Plaintiff brings a claim for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class period").

13.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rate of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under FRCP Rule 23.

14.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants; upon information and belief, there are in excess of twenty (20) Class Members.

15.     Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate action. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (I) failing to pay overtime compensation, (ii) failing to provide proper wage statements per requirements of the New York Labor Law, and (iii) failing to provide proper wage and hour notices, at date of hiring and annually, per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class

3

members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

16.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

17.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant.

18.     Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress to wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action.

19.     The adjudication of the individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the

individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions which they were not parties.

20.     The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.

22.     Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

23.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

      a.  Whether Defendants employed the Plaintiff and Class members within the meaning of the New York law;

      b.  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

      c.  At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class members for their work;

    d.   Whether Defendants properly notified Plaintiff and Class members of their hourly rate and overtime rate;

    e.   Whether Defendants paid Plaintiff and Class members the proper overtime compensation under the New York Labor Law;

    f.   Whether Defendants provided a proper wage notice to Plaintiff and Class Members per requirements of the New York Labor Law; and

    g.   Whether Defendants provided proper wage statements to Plaintiff and Class members per requirements of the New York Labor Law.

## PARTIES

**Plaintiff Argenti**

24.    Plaintiff Charles Argenti ("Argenti" or "Plaintiff") was and is a resident of Dutchess County, New York.

25.    For the duration of his employment with Defendants, Argenti was an employee engaged in commerce or the production of goods for commerce on behalf of Defendants.

26.    At all times relevant to this action, Argenti was an employee of Arnoff within the meaning of the FLSA and NYLL.

**Defendant Arnoff**

27.    Defendant Arnoff Moving & Storage, Inc. ("Arnoff" or "the Company") was and is a domestic limited liability company duly organized and existing under the laws of the State of New York.

28.    Arnoff was and is located at 1282 Dutchess Turnpike, Poughkeepsie, NY 12603.

29.     At all times relevant times, Arnoff has been a business or enterprise engaged in interstate commerce employing more than two employees and earning gross annual sales over $500,000.00.

30.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by the Defendants.

31.     At all times relevant to this action, Defendants have been employers of the Plaintiff and similarly situated non-exempt employees within the meaning of the FLSA and NYLL

**Defendant Michael Arnoff**

32.     Upon information and belief, Defendant Michael Arnoff ("Michael") was and is a resident of the State of New York.

33.     At all times relevant to this action, Michael served as a principal, officer, owner, and/or manager of Arnoff.

34.     At all times relevant to this action, Michael was Plaintiff's supervisor and/or manager during Plaintiff's employment with the Defendants.

35.     At all times relevant to this action, Michael possesses or possessed operation control and policy making authority, an ownership interest, or significant control of Arnoff.

36.     Michael possessed and/or exercised the power and authority to hire and fire schedules, control labor relations and personnel policies, maintain employment records, and determine terms and conditions of Plaintiff's employment.

37.     Employees of Arnoff, including Plaintiff, could complain to Michael regarding any of the terms of their employment, and Michael would have the authority to effect any changes to the quality and terms of their employment.

38.     The acts of the Defendants charged in this Complaint were authorized, directed, or accomplished by Michael, individually or through his agents, officers, employees, or representatives, while actively engaged in the management and/or ownership of Arnoff.

## STATEMENT OF FACTS

39.     Argenti was initially employed by the Defendants as a non-exempt employee from approximately February 2020 to August 2021.

40.     For the duration of his employment, Argenti was employed by Arnoff as a machine rigger.

41.     Argenti's job responsibilities and duties included: rigging heavy machinery, ensuring all machinery is set, aligning and leveling, attaching and detaching loads properly, and ensuring compliance with all safety rules and regulations.

42.     Argenti worked for the Arnoff location at 1282 Dutchess Turnpike, Poughkeepsie, NY 12603.

43.     From approximately February 2020 through August 2021, Argenti worked for Arnoff five days per week, nine and a half (9 ½) hours per day, for a total of approximately 45 to 48 hours per week.

44.     Argenti did not clock in or clock out for his shifts for the duration of his employment.

45.     Argenti was not provided with an accurate wage notice upon his hire.

46.     Argenti did not receive accurate wage statements or pay stubs with each payment he received.

47.     During this time, Argenti's regular rate of pay was $17.25 per hour.

48.     Argenti was paid once per week by check.

49.     Although Argenti worked over forty hours per week, the Defendants failed to pay Argenti his overtime premium.

50.     Argenti made constant verbal complaints about not receiving his overtime premium.

51.     Argenti directed his complaints towards Tyron Davis ("Tyron"), the Director of Rigging at Arnoff.

52.     Argenti was in a subordinate relationship to Tyron with respect to their employment at Arnoff.

53.     Tyron was Argenti's supervisor, and in that role, he had the authority to disciple and fire Plaintiff, direct his work activities, assign him job responsibilities, monitor his performance, conduct performance evaluations, modify his work schedule, alter work hours, and otherwise control the nature and conditions of his employment with Arnoff.

54.     Argenti requested that Tyron, as his supervisor, resolve his complaints of not receiving overtime premium.

55.     Tyron dismissed Argenti's continuous complaints.

56.     Tyron told Argenti that the overtime laws did not apply to him in his capacity as a Rigger.

57.     On or about August 2021, Argenti was terminated in retaliation for his complaints of unpaid overtime.

58.     On or around February 2022, Argenti spoke with Mike Servideo ("Mike"), a previous manager, in order to request a reference letter for another employment opportunity.

59.     During this conversation, Mike asked Argenti to return to work at Arnoff.

60.     Argenti expressed his concerns about not being paid overtime.

61.     Mike reassured Argenti that he would be fully compensated for all hours he works.

62.     Therefore, Argenti recommenced employment with Arnoff in or about February 2022.

63.     Defendants failed to provide a wage notice to Argenti upon his re-hire.

64.     During this time, Argenti worked for Arnoff five days per week, nine and a half (9 ½) hours per day, for a total of approximately 45 to 48 hours per week.

65.     Despite their promises, Arnoff continued with their unlawful practices and refused to compensate Argenti with overtime pay when he worked over 40 hours.

66.     Additionally, the wage statements / pay stubs provided to Argenti were inaccurate.

67.     Again, Argenti complained about unlawful practices and respectfully requested that his overtime premium be paid again.

68.     Arnoff once again refused to pay Argenti's overtime premium.

69.     Once again, the Company retaliated against Argenti by terminating him for his complaints of improper wage practices on or about October 2, 2022.

70.     Defendants knowingly and willfully operated their business with a policy of not paying the Federal or the New York State overtime rate (time and a-half).

71.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices pursuant to the NYLL.

72.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements / pay stubs pursuant to the NYLL.

**FIRST CAUSE OF ACTION**
**(FLSA – Unpaid Overtime)**
**(On Behalf of the Plaintiff and the FLSA Collective)**

74.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs as though they were fully set forth herein.

75.     By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. § 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

76.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

77.     Defendants' failure to pay overtime caused Plaintiff to suffer loss of wages and interest thereon.

78.     Plaintiff is entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**(NYLL – Unpaid Overtime)**
**(On Behalf of the Plaintiff and the Rule 23 Class)**

79.     Plaintiff repeats and realleges the preceding paragraphs as though they were fully set forth herein.

80.     Defendants willfully violated the Plaintiff's rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours

worked in excess of 40 each week, in violation of the NYLL and the regulations promulgated thereunder.

81.     Defendants' failure to pay overtime premium compensation caused the Plaintiff to suffer loss of wages and interest thereon.  The Plaintiff is entitled to recover from the Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 666(3) et seq.

**THIRD CAUSE OF ACTION**
**(NYLL – Failure to Provide Wage Notice)**
**(On Behalf of the Plaintiff and the Rule 23 Class)**

82.     Plaintiff repeats and realleges the preceding paragraphs as though they were fully set forth herein.

83.     Defendants have willfully failed to supply the Plaintiff with a wage notice as required by NYLL, Article 6, § 195(1), at the time of hire or annually, containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission other; the regular pay day designated by the employer; the name of the employer; the physical address of the employer and the telephone number of the employer.

84.     Due to the Defendants' violations of the NYLL, the Plaintiff is entitled to recover from Defendants fifty dollars for each workday that the violations occurred or continue to occur, up to a maximum of $5,000.00 per employee, as provided for by NYLL, Article 6 §§ 190 et seq., liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

**FOURTH CAUSE OF ACTION**
**(NYLL – Failure to Provide Wage Statements)**
**(On Behalf of the Plaintiff and the Rule 23 Class)**

85.   Plaintiff repeats and realleges the preceding paragraphs as though they were fully set forth herein.

86.   Defendants have willfully failed to provide the Plaintiff with accurate wage statements as required by NYLL Article 6 § 195 (3) with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employer; address and phone number of employer' rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary or other; gross wages; deductions; and net wages.

87.   Due to the Defendants' violations of the NYLL, the Plaintiff is entitled to recover from Defendants two hundred fifty dollars for each workday that the violations occurred or continue to occur, up to a maximum of $5,000.00 per employee, as provided for by NYLL, Article 6 §§ 190 et seq., liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

**FIFTH CAUSE OF ACTION**
**(Retaliation in Violation of NYLL)**
**(On Behalf of Plaintiff Only)**

88.   Plaintiff hereby repeats and realleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

89.   New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed practices forbidden under this article."

90. Defendants engaged in an unlawful discriminatory practice by retaliating against Argenti, including terminating his employment twice, because of his opposition to the unlawful employment practices of Defendant.

91. Defendants engaged in unlawful retaliatory practices against Argenti for complaining about Defendants' violations of the New York State Executive Law.

92. That as a direct result of the foregoing, Argenti has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

**SIXTH CAUSE OF ACTION**
**(Retaliation in Violation of FLSA)**
**(On Behalf of Plaintiff Only)**

93. Plaintiff hereby repeats and realleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

94. Plaintiff was an employee of Defendants within the meaning of the FLSA.

95. Defendants were employers of Plaintiff within the meaning of the FLSA.

96. 29 U.S.C. § 215(a)(3) prohibits any person, "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

97. While employed by Defendants, Plaintiff complained to Defendants repeatedly about Defendants' unlawful employment practices, including Defendants' insufficient payment of his wages, Defendants' failure to pay overtime wages and Defendants' refusal to provide a complete and accurate accounting of Plaintiff's wages.

98. Plaintiff's complaints constitute protected activity under the FLSA.

99.     Defendants violated 29 U.S.C. § 215(a)(3) by terminating Plaintiff's employment in retaliation for Plaintiff's complaints of Defendants' unlawful pay practices.

100.    Due to Defendants' violations of 29 U.S.C. § 215(a)(3), Plaintiff is entitled to recover from Defendants his lost wages and other compensatory damages, liquidated damages in an amount equal to his lost wages, pre-judgment and post-judgment interest, along with reasonable attorneys' fees, costs and injunctive and declaratory relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court GRANT the following relief:

A.  A declaratory judgment that the practices complained of herein are unlawful under applicable federal and state law;

B.  An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

C.  An award of compensatory damages as a result of Defendants' failure to pay overtime compensation pursuant to the FLSA, NYLL and supporting regulations;

D.  An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation pursuant to the FLSA and NYLL;

E.  An award of compensatory damages including lost wages as a result of the retaliation that Plaintiff was forced to endure pursuant to the FLSA and NYLL;

F.  An award of liquidated damages as a result of the retaliation that Plaintiff was forced to endure pursuant to the FLSA and NYLL;

G.  A maximum of $5,000.00 for Plaintiff for the failure to provide a proper wage notice upon hire or annually;

H.  A maximum of $5,000.00 for Plaintiff for the failure to provide proper wage statements pursuant to the NYLL;

I.  An award of prejudgment and post-judgment interest;

J.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

K.  Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated: December 14, 2022
New York, New York

Respectfully submitted,

**Akin Law Group PLLC**

*/s/ Robert D. Salaman*
_____
Robert D. Salaman
45 Broadway, Suite 1420
New York, NY 10006
(212) 825-1400
rob@akinlaws.com

*Counsel for Charles Argenti*

16